HENRY YOUNG, JR., PROSECUTOR, v. ESSEX COUNTY BOARD OF ELECTIONS, RESPONDENT.

Submitted January 18, 1938—Decided August 11, 1938.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Arthur T. Vanderbilt* and *G. Dixon Speakman.*

For the respondent, *Edward R. McGlynn.*

The opinion of the court was delivered by

CASE, J. The writ brings up two resolutions adopted by the Essex county board of elections on Friday, October 29th, 1937, four days prior to the general election which was held on Tuesday, November 2d, 1937. If the purpose of the defendant is to be read in the questioned resolutions, it was

that the county board of elections should, acting as a county board of canvassers, proceed on election night to determine election results directly from the district election board returns rather than by making such determination upon the following Monday upon the basis of the county clerk's canvass in the manner required by the statute.

The first of these resolutions, which will disclose the general nature of the other as well, provided "that on Tuesday, November 2d, 1937, at eight P. M., when this Board acts as the County Board of Canvassers, with our Chairman presiding, that it provide suitable quarters and provide a proper and sufficient number of persons, duly qualified, to receive the returns of the district election boards, and to proceed to compile same so as to declare the result of the election and to be ready to certify the election of those candidates who have been respectively elected to the various offices; and that said compilation be made by Monday at noon following the election, at the Essex County Court House."

The statute (the Election law, chapter 187, *Pamph. L.* 1930, at *p.* 770) provides for a county board of canvassers to canvass the vote; so, too, as to a state-wide vote, for a state board of canvassers. The clerk of the county board is the county clerk, and the clerk of the state board is the secretary of state; so fixed by the statute. The county board of elections in each county is designated to be and act as the board of canvassers for that county; but there is no mingling of the duties of the two bodies any more than there is a mingling of the duties of the state board of canvassers and of the state senate from whose membership four senators compose, along with the governor, the state board of canvassers. The county board of canvassers is directed by the statute to meet on the Monday next after an election at twelve o'clock noon at the court house of the county "for the purpose of checking the canvass which shall have been made by the county clerk from the statements of the district boards filed in his office." See *Reed* v. *Board of County Canvassers,* 119 *N. J. L.* 115. That is when the duties of the board of canvassers begin. And if the county clerk be absent from that meeting another person is to be selected and sworn by the statutory oath. Thus, step

by step, the duties and the procedure of the county board of canvassers are set forth. Respondent concedes "that the county board of canvassers is a statutory creation and that all of its powers are found in chapter 187, laws of 1930" (the Election law, *supra*). With that admission of what is clearly the law, there is, we think, nothing left to decide because the statute does not empower the county board of elections to constitute the county board of canvassers under the circumstances named in the resolutions, nor does it authorize the county board of canvassers to proceed in such fashion. It is not for the county board of elections to decide what the members thereof will do as a county board of canvassers or that as such canvassers they will begin their services at a time and in a manner different from the mandate of the statute.

We find no authority for the adoption of the resolutions. They were without legal effect and are set aside. Costs to the prosecutor.